**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Francisco KELLY–PALMER, aka**
**Enrique Ayon–Cortez, Defen-**
**dant—Appellant.**

No. 08–50554.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 8, 2009.

Filed Jan. 4, 2010.

Stewart Michael Young, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Sara Marie Peloquin, Esquire, Assistant Federal Public Defender, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, NOONAN and PAEZ, Circuit Judges.

## MEMORANDUM *

Francisco Kelly–Palmer ("Kelly–Palmer") appeals his conviction under 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We review de novo whether there has been a violation of a Defendant's Sixth Amendment right to present a defense and Fifth Amendment right to due process. United States v. Bahamonde, 445 F.3d 1225, 1228 (9th Cir.2006). We state the facts only as necessary to explain our decision and we affirm.

■ First, the district court did not violate Kelly–Palmer's constitutional rights

by precluding Kelly–Palmer from testifying about what his grandfather told him about his place of birth. We review a district court's decision not to admit evidence under a hearsay exception for abuse of discretion. United States v. Yida, 498 F.3d 945, 949 (9th Cir.2007). The district court did not abuse its discretion when it found that such testimony by Kelly–Palmer was inadmissible hearsay which did not fall under any of the exceptions to the hearsay rule. United States v. Rahm, 993 F.2d 1405, 1410 (9th Cir.1993). Moreover, the exclusion of this hearsay testimony did not violate Kelly–Palmer's due process rights, because the testimony did not bear "persuasive assurances of trustworthiness." Chia v. Cambra, 360 F.3d 997, 1003 (9th Cir.2004); see also Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973).

Second, the district court did not violate Kelly–Palmer's constitutional rights when it excluded Kelly–Palmer's expert witness testimony. We review a district court's decision to admit expert testimony for abuse of discretion. United States v. Bahena–Cardenas, 411 F.3d 1067, 1078 (9th Cir.2005). Expert evidence must be both relevant and reliable. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The district court did not abuse its discretion in finding the expert testimony unreliable.

■ Ultimately, the district court's two evidentiary rulings did not violate Kelly–Palmer's constitutional rights because they did not prevent Kelly–Palmer from presenting his affirmative defense that he is a U.S. citizen. United States v. Scheffer, 523

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S. 303, 317, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998); *United States v. Kincaid–Chauncey,* 556 F.3d 923, 935 (9th Cir. 2009). We therefore affirm.

**AFFIRMED.**